1  GREENBERG TRAURIG, LLP
   JORDAN D. GROTZINGER (SBN 190166)
2  grotzingerj@gtlaw.com
   JENNIFER L. GRAY (SBN 287855)
3  grayjen@gtlaw.com
4  ROBERT S. FREUND (SBN 287566)
   freundr@gtlaw.com
5  1840 Century Park East, Suite 1900
6  Los Angeles, California 90067
   Telephone: (310) 586-7700
7  Facsimile: (310) 586-7800
8
9  *Attorneys for Defendant JPMorgan Chase Bank, N.A.*

10

11                  **UNITED STATES DISTRICT COURT**

12                  **CENTRAL DISTRICT OF CALIFORNIA**

13
    HIP HOP BEVERAGE CORPORATION,        CASE NO. 2:16-cv-3275
14  a Nevada corporation,
                                          **DEFENDANT JPMORGAN CHASE**
15              Plaintiff,                **BANK, N.A.'S OPPOSITION TO**
                                          **PLAINTIFF'S MOTION TO REMAND**
16  v.
                                          Date:     July 18, 2016
17  JUNEICE DEANNA MICHAUX, an            Time:     10:00 a.m.
18  individual; ANHM FZCO, a California   Ctrm:     1600
    Limited Liability Company; JP MORGAN  Judge:    Hon. Michael W. Fitzgerald
19  CHASE BANK, a national banking
20  association; and DOES 1-100,          Action Removed:    May 12, 2016
                                          Trial Date:        None Set
21              Defendants.

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ....................................................................................................1

ARGUMENT ..........................................................................................................3

I    CHASE'S REMOVAL WAS TIMELY. ....................................................3

    A.    Hip Hop Concedes That the Initial 30-Day Removal Window
        Under 28 U.S.C. 1446(b)(1) Was Not Triggered, Because the
        Complaint Did Not Reveal Grounds for Removal. ...........................4

    B.    Hip Hop Did Not Provide an Amended Pleading, Motion,
        Order or Other Paper Triggering a 30-Day Removal Window
        Under 28 U.S.C. § 1446(b)(2). ........................................................5

    C.    Hip Hop Could Have Avoided Removal At This Stage of the
        Case by Alleging Accurate Jurisdictional Facts in the
        Complaint. ...........................................................................................9

II    REMOVAL WAS PROPER BECAUSE THERE IS
    COMPLETEDIVERSITY OF THE PARTIES. ...........................................11

III    HIP HOP IS NOT ENTITLED TO ATTORNEYS' FEES AND
    COSTS. .........................................................................................................15

CONCLUSION .....................................................................................................16

CHI 67138875v8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bosky v. Kroger Tex, LP,*
  288 F.3d 208 (5th Cir. 2002) ........................................................................6

*Bush v. Valassis Commc'ns.,*
  2014 WL 502584 (C.D. Cal. Feb. 7, 2014) ..............................................6, 7

*Cantle v. Radiance, Inc.,*
  2015 U.S. Dist. LEXIS 169668 (E.D. Cal. Dec. 18, 2015) ...........................6

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
  135 S. Ct. 547 (2014) ....................................................................................2

*Diaz v. A&R Logistics, Inc.,*
  2015 WL 10960944 (S.D. Cal. Oct. 6, 2015) ................................................7

*Dubon v. HBSC Bank Nev., N.A.,*
  2005 U.S. Dist. LEXIS 37290 (N.D. Cal. Sept. 15, 2005) ..........................15

*Durham v. Lockheed Martin Corp.,*
  445 F.3d 1247 (9th Cir. 2006) ...................................................................5, 8

*Engels v. Exel Global Logistics, Inc.,*
  2005 WL 850879 (N.D. Cal. Apr. 11, 2005) ...............................................12

*Harris v. Bankers Life & Cas. Co.,*
  425 F.3d 689 (9th Cir. 2005) ...............................................................5, 6, 8

*Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.,*
  736 F.3d 255 (4th Cir. 2013) ......................................................................11

*Janis v. Health Net, Inc.,*
  472 F. App'x 533 (9th Cir. 2012) .................................................................2

*Johnson v. Columbia Props. Anchorage, LP,*
  437 F.3d 894 (9th Cir. 2006) ......................................................................12

*Jong v. Gen. Motors Corp.,*
  359 F. Supp. 223 (N.D. Cal. 1973) ...............................................................7

ii

*Kuxhausen v. BMW Fin. Servs. NA LLC*,
   707 F.3d 1136 (9th Cir. 2013) ...................................................................... 9

*Lew v. Moss*,
   797 F.2d 747 (9th Cir.1986) ................................................................... 3, 12

*Lovern v. GMC*,
   121 F.3d 160 (4th Cir. 1997) ...................................................................... 6

*Lucas v. Brag, Inc.*,
   2015 U.S. Dist. LEXIS 53085 (S.D. Cal. Apr. 22, 2015) ............................ 6

*Martin v. Franklin Capital Corp.*,
   546 U.S. 132 (2005)................................................................................... 15

*McNulty v. CRST Van Expedited*,
   2015 U.S. Dist. LEXIS 4569 (C.D. Cal. Jan. 13, 2015) ............................. 7

*Rea v. Michaels Stores Inc.*,
   742 F.3d 1234 (9th Cir. 2014) .................................................................... 4

*Riggs v. Continental Baking Co.*,
   678 F. Supp. 236 (N.D. Cal. 1988) ............................................................ 5

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*,
   374 F.3d 1020 (11th Cir. 2004) .................................................................. 7

*Roth v. CHA Hollywood Medical Center, L.P.*,
   720 F.3d 1121 (9th Cir. 2013) ............................................................ 1, 8, 9

*Rouse v. Wachovia Mortg., FSB*,
   747 F.3d 707 (9th Cir. 2014) .................................................................... 11

*Ruano v. Sears Roebuck & Co.*,
   2015 WL 6758130 (C.D. Cal. Nov. 5, 2015) .............................................. 9

*Shears v. Citimortgage, Inc.*,
   2015 WL 4393915 (E.D. Cal. July 15, 2015).......................................... 11

*Smilow v. Anthem Blue Cross Life & Health Ins. Co.*,
   2015 WL 4778824 (C.D. Cal. Aug. 13, 2015) ........................................... 6

*Strotek Corp. v. Air Transport Ass'n. of America*,
   300 F.3d 1129 (9th Cir. 2004) .......................................................... 4, 7, 12

iii

*Taylor v. Cox Commc'ns. Cal.,*
  2016 U.S. Dist. LEXIS 65656 (May 18, 2016) ........................................ 9

*TPS Utilicom Servs., Inc. v. AT&T Corp.,*
  223 F. Supp. 2d 1089 (C.D. Cal. 2002) .................................................. 12

*Wachovia Bank, N.A. v. Schmidt,*
  546 U.S. 303 (2006) ............................................................................. 11

**Federal Statutes**

28 U.S.C. § 1332 ......................................................................................... 1

28 U.S.C. § 1332(a)(1) .............................................................................. 11

28 U.S.C. § 1441 ......................................................................................... 1

28 U.S.C. § 1441(b) ................................................................................... 15

28 U.S.C. § 1446 ................................................................................. 2, 7, 8

28 U.S.C. § 1446(a) ..................................................................................... 2

28 U.S.C. § 1446(b) ................................................................................. 4, 5

28 U.S.C. § 1446(b)(1) ............................................................................ 3, 4

28 U.S.C. § 1446(b)(2) ................................................................................ 5

28 U.S.C. § 1446(b)(3) ......................................................................... 1, 5, 9

28 U.S.C. § 1446(c)(1) ............................................................................. 4, 8

28 U.S.C. § 1447(c) ................................................................................... 15

**Rules**

Federal Rules of Civil Procedure, Rule 11 ................................................. 8

Rule 11 ........................................................................................................ 8

iv

**INTRODUCTION**

This case was properly removed under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity and the amount in controversy exceeds $75,000.

Hip Hop's primary argument is that removal was untimely because Chase was required to remove within 30 days after receipt of "other paper" under 28 U.S.C. § 1446(b)(3), and that Defendant Michaux's state court deposition testimony, which fails to even mention Michaux's true place of residence, qualifies as "other paper" from which Chase could ascertain Michaux's citizenship. Hip Hop ignores clear Ninth Circuit authority and would impose an investigation requirement on Chase that the law plainly rejects.

This removal was timely under the Ninth Circuit's controlling decision in *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013), which Hip Hop fails to acknowledge or address. Under *Roth*, a defendant may remove at any time within one year from commencement of the action, so long as it does not run afoul of Section 1446(b)(1) or 1446(b)(3). It is undisputed that Section 1446(b)(1) is inapplicable here. Plaintiff's original and amended complaints alleged that Michaux resided in California at all relevant times, even though Hip Hop's counsel knew this to be false. Because Plaintiff's principal place of business is located in California, diversity was not apparent from the pleadings and Chase was not subject to an initial 30-day window for removal under Section 1446(b)(1).

Michaux's deposition testimony did not trigger a 30-day window for removal under Section 1446(b)(3) because her testimony concerning her place of residence at the time of the deposition is not "other paper" establishing that diversity jurisdiction existed at the time the action was filed and, in any event, her testimony was false. Chase determined that Michaux resides in Tennessee (including when the Complaint was filed) through its own investigation and, therefore, under *Roth*, Chase timely removed the action within the one-year deadline.

CHI 67138875v8

Hip Hop also argues that Chase did not meet "its required burden in establishing complete diversity between the parties in its Notice of Removal." But, a Notice of Removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"). The declarations filed herewith conclusively establish that Michaux resided in Tennessee, and not California, when the action was filed and removed. This evidence proves that:

- Michaux applied for and obtained a temporary Tennessee identification on November 6, 2013. (Declaration of Brett K. Starr ("Starr Decl.") ¶ 6, Ex. A.)

- Michaux took out an automobile loan from "Tennessee Title Loans Inc.," located in Nashville, Tennessee, on June 4, 2014. (Starr Decl. ¶ 7, Ex. B.)

- Michaux registered an automobile in Tennessee on October 4, 2014. (Starr Decl. ¶ 7, Ex. B.)

- Michaux's October 4, 2014 vehicle registration provides a Tennessee address, which is the most recent known residential address for Michaux. (Starr Decl. ¶ 7, Ex. B.)

- Michaux applied for a permanent driver's license in Tennessee on January 2, 2015. (Starr Decl. ¶ 11, Ex. D.)

- Michaux obtained a Tennessee driver's license on January 12, 2015. (Starr Decl. ¶ 11, Ex. D.) That driver's license does not expire until April 8, 2020.

- Michaux's Moving Violation Record, obtained from the Tennessee Department of Safety & Homeland Security, Driver Services Division, lists the same Tennessee address as provided in Michaux's vehicle registration, driver's license, and temporary identification. (Starr Decl. ¶ 11, Ex. D.)

- The Nashville, Tennessee police department has received reports that Michaux has sold items at local pawnshops in Nashville, Tennessee on 20

2

occasions, on an almost monthly basis, from February 12, 2013 to December 21, 2015.  (Starr Decl. ¶ 12, Ex. E.)

- Since November 2013, Michaux has been associated with the same address located in Nashville, TN.  (Starr Decl. ¶ 5.)[1]

- Michaux also admitted to assisting in her family's business, which is not located in California.  Michaux testified that the business has several locations, and a database search indicates a location in Tennessee associated with Michaux's last known address.  (Declaration of Jennifer L. Gray "Gray Decl." ¶ 2, Ex. A [Michaux Tr.] at 130:14-23); (Starr Decl. ¶ 8, Ex. C.)

- Michaux does not live in, own, or rent any property in California.  (Starr Decl. ¶ 13, Ex. F.)

- There is no evidence that Michaux is employed in California or owns property here.  (Starr Decl. ¶ 14.)

Chase learned all of this information as a result of its own investigation.

Because Michaux has a "fixed habitation or abode," and apparent intention to remain in Tennessee, that is her domicile for purposes of diversity jurisdiction.  Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986).  Complete diversity exists among the parties and the amount in controversy exceeds $75,000.  Accordingly, removal was both timely and proper.  The Court should deny the Motion to Remand.

## ARGUMENT

### I   CHASE'S REMOVAL WAS TIMELY.

Chase's removal was timely because neither the complaint nor an "other paper" produced in the action triggered a 30-day removal window.  Hip Hop concedes that the complaint did not reveal a basis for removal, but argues that Defendant Michaux's February 6, 2016 deposition constitutes "other paper" and therefore triggered a 30-day window for removal.  Hip Hop is not correct on either point.  The original complaint did not reveal a basis for removal and therefore the initial 30-day window under 28 U.S.C §1446(b)(1) was not triggered.  Chase has not received any "paper" in this litigation

---

[1]  Upon the Court's request, Chase will submit unredacted copies of the documents disclosing Michaux's information.

3

revealing Michaux's place of residence or grounds for removal.  Through its own independent investigation, Chase learned that Michaux is domiciled in Tennessee and was domiciled there when this action was filed in May 2015.  *See Strotek Corp. v. Air Transport Ass'n. of America*, 300 F.3d 1129, 1131 (9th Cir. 2004) (holding diversity must exist at time of commencement of action).  Therefore, neither 30-day removal window under Section 1446(b) was triggered, and Chase timely removed within one year of the commencement of the action.  "[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period [under § 1446(b)] never starts to run and the defendant may remove at any time [subject to the one year limitation under §1446(c)(1).]"  *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014).

> ### A.   HIP HOP CONCEDES THAT THE INITIAL 30-DAY REMOVAL WINDOW UNDER 28 U.S.C. 1446(b)(1) WAS NOT TRIGGERED, BECAUSE THE COMPLAINT DID NOT REVEAL GROUNDS FOR REMOVAL.

A case may be removed to federal court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. §1446(b)(1).

Hip Hop filed this action on May 21, 2015.  The Complaint alleged that Hip Hop's principal place of business is California, that Michaux resided in California at all relevant times, and that defendant ANHM LLC was a California corporation.  (Dkt. No. 1-1 [Complaint] at ¶ 2.)  ANHM LLC is defunct limited liability company that Michaux set up to assist in the perpetration of the fraud she allegedly perpetrated against Hip Hop.  Diversity was not apparent from the four corners of the Complaint because Hip Hop, Michaux, and ANHM all were alleged to be located in California.  Hip Hop further obscured Michaux's true place of residence by listing the name and address of a former Hip Hop employee, Tamara Clark (who does live in California), as Michaux's "agent for service" on its proof of service or service-related documents.  Accordingly, neither the

4

Complaint nor the service-related documents revealed a basis for removal within the initial 30-day period.

**B.    HIP HOP DID NOT PROVIDE AN AMENDED PLEADING, MOTION, ORDER OR OTHER PAPER TRIGGERING A 30-DAY REMOVAL WINDOW UNDER 28 U.S.C. § 1446(b)(2).**

Chase's removal also does not run afoul of Section 1446(b)'s second window for removal.  A notice of removal is timely if it is "filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may be first ascertained that the case is one which or has become removable."  28 U.S.C. § 1446(b).  The Opposition maintains that Chase should have removed, at the latest, within 30 days from February 2, 2016, the date on which Michaux was deposed in this action.  When asked where she lived at the time of the deposition, Michaux responded that she was "homeless" and then later testified that she "live[d] between [her] siblings" located in Virginia, North Carolina, and Florida.  (Gray Decl. ¶ 2, Ex. A [Michaux Tr.] at 106:16-22)  According to Hip Hop, "[t]hat testimony would indicate that the case is removable based on the fact that none of the states listed by Defendant Michaux was the State of California."  (Motion at 9-10.)

Hip Hop misconstrues Ninth Circuit law with respect to the timing for removal.  Section 1446(b)(2) triggers a second 30-day window for removal only if a defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3); *see Riggs v. Continental Baking Co.*, 678 F. Supp. 236, 238 (N.D. Cal. 1988).  "[W]e 'don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove.'"  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005).

The Opposition misconstrues what is necessary to trigger the second 30-day window for removal.  The Ninth Circuit has explained that its cases adopt a "bright-line

5

approach" to determining if a document triggers a removal window, in order to "bring certainty and predictability to the process," "avoid [] gamesmanship in pleading," and avoid "the spectre of inevitable collateral litigation" about whether the pleadings were sufficient, whether the defendant subjectively knew a case could be removed, or whether the defendant's inquiry sufficed. *Harris*, 425 F.3d at 697. Accordingly, Courts will not "inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." *Lovern v. GMC*, 121 F.3d 160, 162 (4th Cir. 1997); *see also Lucas v. Brag, Inc.*, 2015 U.S. Dist. LEXIS 53085, at *9 (S.D. Cal. Apr. 22, 2015) ("Lest the determination of removability degenerate into a mini-trial as to whom knew what when, a defendant's subjective knowledge that a case is removable is irrelevant.").

Because the standard is an objective one, in order to trigger a removal window, the "other paper" must indicate on its face that the case has become removable – not that it one day may become removable or that further research is required. *Bush v. Valassis Commc'ns.*, 2014 WL 502584, at *2 (C.D. Cal. Feb. 7, 2014) (citing *Bosky v. Kroger Tex, LP*, 288 F.3d 208, 211 (5th Cir. 2002)). The defendant must be able to ascertain a basis for removal from the "other paper." *Id.* In this context, ascertain means "'**to make certain**, exact or precise; or' to find out or learn with certainty." *Id.* (quoting *Bosky*, 288 F.3d at 211) (emphasis added); *see also Cantle v. Radiance, Inc.*, 2015 U.S. Dist. LEXIS 169668, at *7-8 (E.D. Cal. Dec. 18, 2015) (rejecting plaintiff's argument that Defendants could have ascertained the amount in controversy from discovery requests).[2]

---

[2]  Hip Hop cites several district court opinions from the Eleventh Circuit for the proposition that a 30-day removal period runs from service of a complaint if there is "any clue in the complaint or from public information that the case is removable." Motion at 9. But, that is not the law of the Ninth Circuit. A defendant's subjective knowledge of jurisdictional facts is irrelevant under Ninth Circuit authority, and in any event, Hip Hop's Complaint provided no "clue" regarding diversity. *See Smilow v. Anthem Blue Cross Life & Health Ins. Co.*, 2015 WL 4778824, at *4 (C.D. Cal. Aug. 13, 2015) ("Defendant's knowledge, constructive or otherwise, of the requisite jurisdictional facts

6

It was wholly proper for Chase to wait to remove until it had ascertained Michaux's place of residence through its own independent investigation, which led it to determine that Michaux's has been living in Tennessee since at least 2013.  Chase did not ascertain that the case was removable from Michaux's deposition testimony.  *First*, Michaux was asked only about her current residence, not her residence or domicile as of May 13, 2015, when the action was filed.  Removal is proper only if the federal jurisdiction existed at the time the action was filed and removed.  *See Strotek*, 300 F.3d at 113.  *Second*, Michaux's history of dishonesty and fraud, including the embezzlement charges against her in this case, necessitated that Chase verify her whereabouts in order to remove the case in good faith.  Michaux did not deny the embezzlement charges at her deposition, nor has she appeared in this case to deny them.  Chase's investigator uncovered a history of criminal activity by Michaux, including other crimes of dishonesty.  And, Michaux's testimony about her place of residence in fact turned out to be false.   Thus, Chase was not able to ascertain that grounds for removal existed based upon her testimony.  *See, e.g.*, *Bush*, 2014 WL 502584, at *2 (paper must indicate on its face that the case has become removable – not that further research is required); *Jong v. Gen. Motors Corp*., 359 F. Supp. 223, 226 (N.D. Cal. 1973) (removal cannot be based upon speculation or guesswork by removing party); *McNulty v. CRST Van Expedited*, 2015 U.S. Dist. LEXIS 4569, at *6 (C.D. Cal. Jan. 13, 2015) (remanding case where removal was based on speculation).  Chase could hardly have been expected to base removal on testimony that it believed to be false and which did not address Michaux's residence as of May 2015.

"'A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties.'"  *Diaz v. A&R Logistics, Inc.*, 2015 WL 10960944, at *1 (S.D. Cal. Oct. 6, 2015) (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)).  The Ninth

---

is irrelevant to the Court's examination of compliance with § 1446.").  Hip Hop's out-of-circuit authorities therefore provide no support for remanding the case.

7

Circuit has repeatedly cautioned defendants against prematurely removing cases before they can sustain their burden of proving the existence of federal jurisdiction by a preponderance of the evidence. *See, e.g., Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (holding that had defendant removed on basis of complaint that did not provide sufficient information to support federal jurisdiction, it "may well have subjected itself to fees and costs, and potentially Rule 11 sanctions, for filing a baseless removal"); *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005) (emphasizing importance of "guard[ing] against premature and protective removals and minimiz[ing] the potential for a cottage industry of removal litigation").

Chase could not have removed the case in good faith on the basis of Michaux's suspect testimony.  Her testimony was internally contradictory, and it conflicted with other information that Chase obtained.  There was no information at the time corroborating Michaux's testimony.  Chase's own investigation failed to corroborate Michaux's testimony and established that Michaux lived in Tennessee in May 2015 and at the present.  Chase could not have filed its removal petition in good faith within 30 days of Michaux's deposition and likely could have been sanctioned for doing so.  Had Chase removed the case based on this unsupported, and ultimately false, testimony, "it may well have subjected itself to fees and costs, and potentially Rule 11 sanctions, for filing a baseless notice of removal."  *Durham,* 445 F.3d at 1251.  Accordingly, because Michaux's testimony did not establish, on its own, grounds for removal, Chase's removal was timely.

The two 30-day removal periods set forth in Section 1446 are not exclusive.  A defendant may remove "outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).  Where the basis for removal is the defendant's, own knowledge acquired outside of a "paper" received from the plaintiff, there is no time limitation on removal, except that the notice must be filed within one year of the commencement of the action.  *See* 28 U.S.C. §

8

1446(c)(1); *Ruano v. Sears Roebuck & Co.*, 2015 WL 6758130, at *1 (C.D. Cal. Nov. 5, 2015) ("[P]rovided that neither [30-day window] is triggered, a defendant may remove at any time based on the results of its own investigations."). Chase learned of Michaux's current place of residence and domicile through its own investigation, by retaining the services of an investigator to locate her. The information Chase obtained is detailed in the declaration of Brett K. Starr, submitted herewith.

### C. HIP HOP COULD HAVE AVOIDED REMOVAL AT THIS STAGE OF THE CASE BY ALLEGING ACCURATE JURISDICTIONAL FACTS IN THE COMPLAINT.

Hip Hop's dissatisfaction with the timing of Chase's removal is a product of its own failure to plead truthful jurisdictional facts. As the Ninth Circuit has explained, in responding to claims that removal late into a case inflicts prejudice on a plaintiff:

> Our best answer—and a likely sufficient answer—is that plaintiffs are in a position to protect themselves. If plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained. 28 U.S.C. § 1446(b)(3). Such a document will trigger the thirty-day removal period during which defendant must either file a notice of removal or lose the right to remove.

*Roth*, 720 F.3d at 1126. And, as this Court recently observed in a decision involving the plaintiff's "strategic decision to plead that the amount-in controversy was below $5,000,000 and [not] furnish Defendants with any document indicating otherwise," "[t]he risk inherent in such a course [of action] was that Defendants would see how the state court case played out before removing." *Taylor v. Cox Commc'ns. Cal.*, 2016 U.S. Dist. LEXIS 65656, at *13 (May 18, 2016); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (Plaintiffs who fail to make amount in controversy clear in initial pleadings "assume the costs [of leaving the window for removal open] associated with their own indeterminate pleadings" when defendants learn of removability).

Hip Hop affirmatively alleged in its original complaint, and each of three subsequent amended complaints, that Michaux resided in California at all relevant times. Hip Hop's counsel claims that Michaux "provided" them with a California address "for the mailing of documents related to this case."  In fact, Michaux has "provided" Hip Hop with far more than a mailing address for litigation documents.  Remarkably, Michaux has provided assistance to Hip Hop—the company she allegedly defrauded of millions of dollars—in at least three lawsuits over the years since she left the company.  (Gray Decl., ¶ 2, Ex. A [Michaux Tr.] at 102:14-25; 103:1-18; 104:1-22]; ¶ 4, Ex. C [Michaux Tr.] at 37:8-10; 23:13-25.)  A year prior to filing this action, Hip Hop's counsel in this case, Carlos De La Paz, represented Hip Hop in another matter and represented to his opposing counsel that Michaux lived in Virginia.  (Gray Decl. ¶ 4, Ex. C [Michaux Tr.] at 44:11-16.)  Even though the action was pending in California, Mr. De La Paz requested that Michaux's deposition be taken in Virginia and he flew to Virginia to attend Michaux's deposition.  (Gray Decl. ¶ 4, Ex. C [Michaux Tr.] at 44:11-16.)  Michaux admitted to providing assistance to Hip Hop in that case, at Mr. De La Paz's request, and also provided assistance to Hip Hop in a prior lawsuit involving the same fraud at issue here filed against Bank of America.  (Gray Decl. ¶ 4, Ex. C [Michaux Tr.] at 23:13-25; 37:8-10.)

The evidence that Chase has uncovered shows that Michaux resides in Tennessee, not Virginia.  But, Hip Hop's representation to opposing counsel that Michaux lived 3,000 miles away demonstrates, at a minimum, that he knew that Michaux did not live in California when he filed the Complaint.  Certainly, given Hip Hop's extensive and suspect cooperation with Michaux—the alleged primary tortfeasor against Hip Hop—over the past several years, Hip Hop's counsel should have been able to ascertain her location in order to allege truthful jurisdictional facts.  Instead, the Complaint's jurisdictional allegations appear to have been intentionally and carefully crafted to mislead Chase into thinking that Michaux resided in California.  By playing this game,

10

Hip Hop assumed the risk that Chase would learn of Michaux's whereabouts and remove the case when it did.

## II     REMOVAL WAS PROPER BECAUSE THERE IS COMPLETEDIVERSITY OF THE PARTIES.

Under 28 U.S.C § 1332(a)(1), federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).  Both requirements are satisfied here because Hip Hop seeks to hold Chase liable for an amount in excess of $ 1 million, (Dkt. No. 1-4 [SAC] at ¶ 47) and there is complete diversity among the parties.  Hip Hop has its principal place of business in California.  (Dkt. No. 1-1 [Complaint] at ¶ 2.)  JPMorgan Chase Bank, N.A. is located, and therefore domiciled, in Ohio.[3]  (Dkt. No. 1 [Notice of Removal] ¶ 8.)  Chase maintains that Michaux is domiciled in the state of Tennessee and therefore complete diversity exists.  The Opposition maintains, however, that Chase has not sustained its burden of demonstrating that Michaux is a citizen of Tennessee and that Michaux is either a citizen of California or "stateless."  Under either scenario, the Opposition maintains that the case cannot be removed.   None of Hip Hop's arguments defeats Chase's proper removal on the basis of diversity.

Chase has sustained its burden of proving by a preponderance of the evidence that Michaux and ANHM LLC are domiciled in Tennessee.[4]  "An individual's citizenship for

---

[3]  A national banking association is a citizen only "of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *see also Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 708, 715 (9th Cir. 2014) ("[A] national bank is 'located' only in the state designated as its main office.").

[4]  Defendant ANHM's consent should be unnecessary because it is a nominal party.  A "nominal party is defined as one 'who has some immaterial interest in the subject matter of [the] lawsuit and who will not be affected by any judgment.'" *Shears v. Citimortgage, Inc.*, 2015 WL 4393915, at *2 (E.D. Cal. July 15, 2015) (*quoting Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013)).  ANHM is a nominal

11

the purposes of diversity jurisdiction 'is determined by her state of domicile.'" *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir.1986).  Domicile is the place where a party has a "fixed habitation or abode," and an intention to remain.  *Lew*, 797 F.2d at 749.  A party's domicile is "evaluated based on the objective facts in the record." *Id.* at 750.  Among the sources of objective evidence that a court may consider in determining an individual's domicile are current residence, location of personal and real property, location of family, and driver's licenses and automobile registration, among other things.  *Engels v. Exel Global Logistics, Inc.*, 2005 WL 850879, at *3 (N.D. Cal. Apr. 11, 2005).

Chase retained an investigative firm to track down Michaux.  That firm identified the following objective information.

- Michaux applied for and obtained a temporary Tennessee identification on November 6, 2013.  (Starr Decl. ¶ 6, Ex. A.)

- Michaux took out an automobile loan from "Tennessee Title Loans Inc.," located in Nashville, Tennessee, on June 4, 2014.  (Starr Decl. ¶ 7, Ex. B.)

- Michaux registered an automobile in Tennessee on October 4, 2014.  (Starr Decl. ¶ 7, Ex. B.)

---

party with no interest or stake in the outcome of the litigation because (1) it has been defunct since at least June 2012 and has no operations; (2) it was never more than an empty shell created by Michaux to aid in her fraud; and (3) Plaintiff has taken no steps to recover any damages from ANHM or otherwise hold it liable.  *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002) ("[I]t does not appear that ATA has any personal stake in the outcome of this case.  It is dissolved, has no operations, and its liabilities have been transferred to ATA, Inc.  Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity . . . ."). In any event, ANHM's citizenship would be Tennessee because the citizenship of an LLC is determined by the citizenship of its members.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").  On information and belief, Defendant Michaux is and always has been the sole member of ANHM.

12

- Michaux's October 4, 2014 vehicle registration provides a Tennessee address, which is the most recent known residential address for Michaux. (Starr Decl. ¶ 7, Ex. B.)

- Michaux applied for a permanent driver's license in Tennessee on January 2, 2015. (Starr Decl. ¶ 11, Ex. D.)

- Michaux obtained a Tennessee driver's license on January 12, 2015. (Starr Decl. ¶ 11, Ex. D.) That driver's license does not expire until April 8, 2020.

- Michaux's Moving Violation Record, obtained from the Tennessee Department of Safety & Homeland Security, Driver Services Division, lists the same Tennessee address as provided in Michaux's vehicle registration, driver's license, and temporary identification. (Starr Decl. ¶ 11, Ex. D.)

- The Nashville, TN police department has received reports that Michaux has sold items at local pawnshops in Nashville, Tennessee on 20 occasions, on an almost monthly basis, from February 12, 2013 to December 21, 2015. (Starr Decl. ¶ 12, Ex. E.)

- Since November 2013, Michaux has been associated with the same address located in Nashville, TN. (Starr Decl. ¶ 5.)

- Michaux also admitted to assisting in her family's business, which is not located in California. Michaux testified that the business has several locations, and a database search indicates a location in Tennessee associated with Michaux's last known address. (Gray Decl. ¶ 2, Ex. A [Michaux Tr.] at 130:14-23); (Starr Decl. ¶ 8, Ex. C.)

- Michaux does not live in, own, or rent any property in California. (Starr Decl. ¶ 13, Ex. F.)

- There is no evidence that Michaux is employed in California or owns property here. (Starr Decl. ¶ 14.)

These records reflect that Michaux has a "fixed habitation or abode," located in Nashville, TN. Michaux has been associated with this address since November 2013. She used this address to apply for and obtain: (i) an identification card; (2) a car loan,; (3) a permanent driver's license; and (4) a driver's registration. Nashville, Tennessee police department records establish that Michaux has been continuously present in Tennessee since at least February 12, 2013 because the records reflect that Michaux has sold items at local pawnshops in Nashville on an almost monthly basis since then. (Starr Decl. ¶ 12, Ex. E.). The records also reveal that Michaux has a present intention to remain in

13

Tennessee because she is the registered owner of a company located there, Maggie Allen Candy, has a permanent driver's license there, and does not appear to own property or live anywhere else. (Starr Decl. ¶¶ 5-14, Exs. A-F.)

The Opposition fails to produce any evidence that Michaux is either a citizen of California or "stateless." Hip Hop's Motion to Remand fails to proffer any evidence that Michaux was domiciled in California in May 2015 and this assertion is contradicted by all of the evidence Chase has amassed showing that Michaux has been living in Tennessee since early 2013. The so-called "evidence" proffered by the Opposition proves nothing. The Opposition notes that "the address Defendant Michaux provided for the mailing of documents related to this case is … a [Long Beach] California address." Motion. at 3-4. But, the referenced address belongs to former Hip Hop employee Tamara Clark, not Michaux.[5] There is no evidence that Michaux ever used Clark's address as a personal or "business mailing address," as the Motion alleges, but it would be immaterial even if she had. Even assuming Michaux "provided" Hip Hop with Clark's address as a mailing address, this suggests only that she does not want her true location disclosed or used in connection with litigation, not that she was living in California in May 2015. Similarly, Michaux's attendance at a deposition in California is hardly evidence that she is domiciled here. Michaux testified at that deposition that she does not live in California

---

[5]  The Motion conspicuously fails to disclose that it served Michaux only after the Court issued an Order to Show Cause compelling it to do so. Plaintiff admitted that Tamara Clark served as Michaux's personal assistant at Hip Hop and at another company that Michaux owned during the relevant time period. Clark's job responsibilities at Hip Hop apparently included assisting Michaux perpetrate the alleged fraud. Documents for the accounts referenced in the Complaint reveal that this Clark was a co-holder and signatory on the bank account that Michaux allegedly used to embezzle funds from Hip Hop. Clark is also a key fact witness in this case because Hip Hop has invoked the discovery rule to toll the statute of limitations in the case based upon allegations that Clark was the first person to discover the fraud in May or June 2012. Clark testified that she currently works for the president of hip Hop, Herb Hudson, at one of his establishments. (Gray Decl. ¶ 3, Ex. B [Clark Tr.] at 26:22-25; 27:1-6.) Likewise, the Motion fails to disclose that it represented to opposing counsel in another lawsuit that Michaux resided in Virginia. (Gray Decl. ¶ 4, Ex. C [Michaux Tr.] at 44:11-16.)

14

and that she flew to California for the deposition.  Gray Decl. ¶ 2, Ex. A [Michaux Tr.] at 130:16-22; 265:20-25; 266:1-5.)  Michaux also admitted to working for her family's business, which is located in Tennessee, not California  (Gray Decl. ¶ 2, Ex. A [Michaux Tr.] at 130:14-23.)[6]  Hip Hop has produced no objective evidence that Michaux is living in California or that she is not living in Tennessee.  Accordingly, Chase's evidence supports a finding that Michaux does not live in California.  In any event, Chase has carried its burden of demonstrating, by a preponderance of the evidence, that Michaux is domiciled in Tennessee.

## III   HIP HOP IS NOT ENTITLED TO ATTORNEYS' FEES AND COSTS.

An order to remand may require the payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The standard for awarding fees depends on the reasonableness of the removal.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."); *see also Dubon v. HBSC Bank Nev., N.A.*, 2005 U.S. Dist. LEXIS 37290, at *13 (N.D. Cal. Sept. 15, 2005) ("While Defendant's arguments enjoyed only slim support, they were not totally unfounded, and this Court therefore denies Plaintiff's motion for costs and expenses [under 28 U.S.C. 1447(c)].").

Chase removed this case based upon the facts revealed through its own investigation and the plain language of 28 U.S.C. § 1441(b).  Chase's removal was warranted.   Hip Hop's demand for fees and costs should be denied.

---

[6]  To be sure, Michaux's credibility is inherently suspect, but as to these issues, her testimony is corroborated by the evidence that Chase uncovered.

15

## CONCLUSION

Chase removed this case properly.  The preponderance of the evidence demonstrates that Michaux is a citizen of Tennessee.  Therefore, complete diversity exists.  Chase respectfully requests the Court deny Hip Hop's Motion to Remand.

DATED:  June 27, 2016                    GREENBERG TRAURIG, LLP


                                 By:      _/s/ Jennifer L. Gray_____
                                          Jordan D. Grotzinger
                                          Jennifer L. Gray
                                 Attorneys for Defendant JPMorgan Chase Bank,
                                 N.A.

CHI 67138875v8