UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-03275-MWF-AGR**                    Date:  **July 25, 2016**
Title:    Hip Hop Beverage Corp. -*v*- Juneice Deanna Michaux, et al.

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                         None Present

PROCEEDINGS (IN CHAMBERS):  ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT [12]

Before the Court is Plaintiff's Motion to Remand (the "Motion"), filed on June 6, 2016. (Docket No. 12). Defendant Chase Bank submitted an Opposition on June 27, 2016, and Plaintiff's Reply followed on July 5, 2016. (Docket Nos. 16, 17). The Court reviewed and considered all papers submitted on the Motion and held a hearing on **July 18, 2016**.

The Motion is **DENIED**. The Court has subject matter jurisdiction over this action because the parties are completely diverse and the amount in controversy exceeds $75,000. Defendant Chase Bank's removal was timely, moreover, as it was effected shortly after the facts establishing the Court's jurisdiction were discovered.

I.   **BACKGROUND**

This action arises out of an alleged embezzlement scheme carried out by one of Plaintiff's former executives, Defendant Michaux. The scheme, according to the Third Amended Complaint ("TAC"), operated as follows:

Defendant Michaux was in charge of all financial matters related to one of Plaintiff's largest clients—ANHAM FZZCO, LLC. (TAC ¶¶ 12, 14 (Docket No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-03275-MWF-AGR**                           Date:  **July 25, 2016**
Title:       Hip Hop Beverage Corp. -*v*- Juneice Deanna Michaux, et al.

1-2)).  On numerous occasions during a sixteen-month period, Defendant Michaux funneled the sale proceeds from ANHAM FZZCO to a shell company with an almost identical name, AHNM FZCO, LLC.  (*Id.* ¶¶ 36, 47).  Defendant Michaux then moved a portion of the money to Plaintiff's account, and the rest to her own personal account.  (*Id.* ¶ 47).  To make it look as if it were Plaintiff's client, as opposed to Defendant Michaux's shell company, that was transferring funds into Plaintiff's account, Defendant Michaux enlisted the services of a manager working for Defendant Chase Bank.  (*Id.* ¶¶ 30-46).  With her help, Defendant Michaux successfully embezzled millions of dollars that belonged to Plaintiff.  (*Id.* ¶ 47).

On May 13, 2015, Plaintiff initiated this action in the Los Angeles Superior Court against Defendants Michaux, AHNM FZCO, and Chase Bank.  Plaintiff asserts a claim for breach of fiduciary duty against Defendant Michaux, a claim for accounting against Defendants Michaux and AHNM FZCO, and a claim for aiding and abetting breach of fiduciary duty against Defendant Chase Bank.  (*Id.* ¶¶ 59-74).

On May 12, 2016, Defendant Chase Bank removed the action to this Court under 28 U.S.C. § 1446(a).  (Notice of Removal at 1 (Docket No. 1)).  According to Defendant Chase Bank, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and the parties are completely diverse.  (*Id.* at 3-4).  Plaintiff now brings this Motion to contest the removal on both substantive and procedural grounds.

## II.    DISCUSSION

A defendant seeking to remove a state court action to federal court bears the burden of establishing subject matter jurisdiction.  Generally speaking, jurisdiction is proper when the amount in controversy exceeds $75,000 and the state of domicile of each plaintiff is different from that of each defendant at the time the action is filed.  28 U.S.C. § 1332.  A person's domicile is her permanent home; it changes only when the person physically resides in another state with the intent to remain there indefinitely.  *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely.").  An individual's intent

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-03275-MWF-AGR**                    Date:  **July 25, 2016**
Title:     Hip Hop Beverage Corp. -v- Juneice Deanna Michaux, et al.

to remain in a particular state may be inferred from evidence of "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.*

Even if the defendant succeeds in establishing subject matter jurisdiction, removal may be nonetheless improper if it violates the procedural requirements of 28 U.S.C. § 1446(b). The defendant must, among other things, file for removal no later than thirty days after receiving notice of removability. 28 U.S.C. § 1446(b). That notice could come from the initial pleading or some "other paper." *Id.* "Other paper" could be deposition testimony, *Steiner v. Horizon Moving Systems Inc.*, 568 F. Supp. 2d 1084, 1086-87 (C.D. Cal. 2008), a letter from opposing counsel, *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691-96 (9th Cir. 2005), or even an email, *Rollins v. Fresenius USA, Inc.*, No. CV 13-09394, 2014 WL 462822 *5 (C.D. Cal. 2014). When removability cannot be ascertained from any pleading or paper, no thirty-day clock is triggered even if the defendant could have ascertained facts supporting removal jurisdiction on its own. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("[I]f a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document.").

Plaintiff contends both that this Court lacks diversity jurisdiction and that Defendant Chase Bank's removal was untimely. The Court examines each contention in turn.

### A.   Subject Matter Jurisdiction

Most jurisdictional facts in this action are uncontested. The amount in controversy exceeds $75,000, Plaintiff is a corporation domiciled in both Nevada and California, and Defendant Chase Bank is a national banking association headquartered in Ohio, as provided in its articles of association. (*See* Motion at 6; Opposition at 11; Notice of Removal ¶ 8). The only dispute surrounds the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-03275-MWF-AGR**                              Date:  **July 25, 2016**

Title:      Hip Hop Beverage Corp. -*v*- Juneice Deanna Michaux, et al.

citizenship of Defendant Michaux and, by extension, Defendant AHNM.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

 Although Plaintiff asserts that Defendant Michaux resides in California, the record shows that she is domiciled in Tennessee.  Consider the following evidence:

- On November 6, 2013, Defendant Michaux applied for and obtained a temporary identification in Tennessee.

- On June 4, 2014, Defendant Michaux obtained a car loan from Tennessee Title Loans Inc., located in Nashville, Tennessee.

- On October 4, 2014, Defendant Michaux registered a car in Tennessee to a Tennessee address.

- On January 2, 2015, Defendant Michaux applied for a permanent driver's license in Tennessee.

- On January 12, 2015, Defendant Michaux obtained a Tennessee driver's license.  The license does not expire until April 8, 2020.

- Defendant Michaux's Moving Violation Record, obtained from the Tennessee Department of Safety & Homeland Security, lists the same Tennessee address as the one listed on Defendant Michaux's vehicle registration, driver's license, and temporary identification.

- The police department in Nashville, Tennessee, has received reports that Defendant Michaux has sold items at local pawnshops on twenty separate occasions between February 12, 2013, and December 21, 2015.

- Defendant Michaux admitted to working in her family's business, which has several locations.  One of those locations is in Nashville, Tennessee.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-03275-MWF-AGR**                                           Date:  **July 25, 2016**
Title:          Hip Hop Beverage Corp. -*v*- Juneice Deanna Michaux, et al.

  The address for that location is associated with Defendant Michaux's residential address.

- Defendant Michaux does not appear to reside, work, or own any property in California.

(Declaration of Brett K. Starr ("Starr Decl.") ¶¶ 5-8, 11-14, Exs. A-F; Declaration of Jennifer L. Gray ("Gray Decl.") ¶ 2, Ex. A at 130:14-23).

In light of this evidence, the Court has no difficulty concluding that Defendant Michaux was domiciled in Tennessee at the time this action was filed. Indeed, the only "evidence" Plaintiff presents to the contrary is an affidavit showing that Defendant Michaux was served with the summons and the complaint at an address in Long Beach, California. (Declaration of Carlos A. De La Paz ("De La Paz Decl."), Ex. 2 (Docket No. 13-1)). But as the record makes clear, that address belongs to Tamara Clark, Plaintiff's former employee who informed Defendant Michaux of this action. (Gray Decl., Ex. A at 106:9-14). Plaintiff's service affidavit, therefore, does not contradict Defendant Chase Bank's substantial evidence establishing Defendant Michaux's domicile.

Even Plaintiff does not seriously dispute this conclusion. Instead, Plaintiff makes blanket hearsay objections to the declaration of the private investigator, Brett Starr, whom Defendant Chase Bank retained to ascertain Defendant Michaux's domicile. Starr testifies that he discovered the facts listed above through a commercial database called "IRB Search" as well as records obtained from the Tennessee Department of Safety and Homeland Security and Nashville Police Department. (Starr Decl. ¶¶ 4-14). The documents on which Starr relies are attached as exhibits to his declaration. (Starr Decl., Exs. A-E).

Plaintiff's evidentiary objections are **OVERRULED.** The information obtained from IRB Search falls within a well-established exception to the hearsay rule codified in the Federal Rule of Evidence 803(17). That exception permits admission of facts compiled in a database as long as that database is "relied on by the public or by persons in particular occupations." Fed. R. Evid. 803(17). Because Starr has adequately shown that experts in his field regularly use and rely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-03275-MWF-AGR**                              Date:  **July 25, 2016**
Title:     Hip Hop Beverage Corp. -*v*- Juneice Deanna Michaux, et al.

on IRB Search (Starr Decl. ¶ 4), the facts contained in that database are admissible as evidence. *See United States v. Woods*, 321 F.3d 361, 362 (3d Cir. 2003) (admitting certain vehicle information contained in a database maintained by the National Insurance Crime Bureau); *Davidson v. Barnhardt,* No. CV-11-7298-FMO-VBKx, 2013 WL 6388354, at *14 (C.D. Cal. Dec. 6, 2013) (admitting vehicle information compiled by the Kelley Blue Book).

As to the information obtained from the Tennessee Department of Safety and Homeland Security and Nashville Police Department, the records plainly fall under the public records exception to the hearsay rule. *See* Fed. R. Evid. 803(8). Those records were made by governmental agencies pursuant to their obligations to report the information contained therein. *See, e.g., U.S. v. Eljammal*, 238 Fed. Appx. 289, 291 (9th Cir. 2007) ("[A]ll of the MVD [Motor Vehicle Department] documents fall under the public records hearsay exception."). Plaintiff makes no argument as to why the Court cannot consider such information on this Motion.

Accordingly, Plaintiff's objections to the declaration of Brett Starr are **OVERRULED**. Defendant Chase Bank has successfully established by a preponderance of the evidence that Defendant Michaux is a citizen of Tennessee. Therefore, the Court has diversity jurisdiction over this action.

### B.     Timeliness of Removal

Plaintiff next argues that removal was procedurally deficient because it was made outside the thirty-day period set forth in 28 U.S.C. § 1446(b). In Plaintiff's view, Defendant Chase Bank should have been on notice of removability in February 2016, when Defendant Michaux testified during her deposition that she was "homeless" and living between her siblings in Virginia, North Carolina, and Florida. The Court is not persuaded for two reasons:

*First*, the question to which Defendant Michaux was responding during the deposition asked about her residency as of February 2016 and not as of the time this action was filed. Because Defendant Michaux's domicile in February 2016 is irrelevant, her testimony did not put Defendant Chase Bank on notice of the Court's diversity jurisdiction.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No. **CV 16-03275-MWF-AGR**                                Date: **July 25, 2016**
Title:        Hip Hop Beverage Corp. -*v*- Juneice Deanna Michaux, et al.

*Second*, the fact that Defendant Michaux is "homeless" and residing in various states does not mean that she is not domiciled in California. As already explained, the Ninth Circuit requires both physical presence and intent to remain to establish a new domicile. *Lew*, 797 F.2d at 750. Defendant could have reasonably assumed that Defendant Michaux did not intend to remain homeless, and that she remained domiciled wherever she had lived before moving in with her siblings. Without knowledge of Defendant Michaux's residence before she became homeless, Defendant Chase Bank could not have known the state of her domicile for purposes of ascertaining diversity jurisdiction.

At the hearing, Plaintiff argued that the removal was untimely because it may have been made thirty days after Defendant Chase Bank discovered Defendant Michaux's domicile through its independent investigation. But as Defendant Chase Bank correctly pointed out, facts discovered during an independent investigation do not trigger the removability clock. *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30–day time period never starts to run and the defendant may remove at any time."); *Ruano v. Sears Roebuck & Co.*, No. CV 15-6060-PSG-FFMx, 2015 WL 6758130 (C.D. Cal. Nov. 5, 2015) ("[P]rovided that [the 30-day clock is not triggered], a defendant may remove at any time based on the results of its own investigations."). Plaintiff's argument, therefore, must be rejected.

Accordingly, Defendant Chase Bank timely removed this action after discovering Defendant Michaux's true domicile during its independent investigation. Plaintiff identifies no other possible defects in the removal process.

## IV.    CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

IT IS SO ORDERED.